**Dominic M. Carollo,** OSB No. 093057          Hon. Ann L. Aiken
Email: dcarollo@yockimlaw.com
Yockim Carollo LLP
430 S.E. Main Street
P.O. Box 2456
Roseburg, Oregon 97470
Phone: (541) 957-5900
Fax: (541) 957-5923

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CASCADIA WILDLANDS, THE CENTER FOR BIOLOGICAL DIVERSITY**, and **AUDUBON SOCIETY OF PORTLAND**,<br><br>    Plaintiffs,<br><br>    v.<br><br>**SCOTT TIMBER CO**., **ROSEBURG RESOURCES CO.,** and **RLC INDUSTRIES CO**.,<br><br>    Defendants. | Case No. 6:16-CV-01710-AA<br><br>**DEFENDANTS' MOTIONS IN LIMINE** |

**MOTION 1 – EXCLUSION OF WITNESSES (Fed. R. Evid. 615)**

Pursuant to Fed. R. Evid. 615, Defendants move the Court for an order excluding certain witnesses from certain parts of the trial as follows:

1. The parties' expert witnesses will be excluded from the courtroom except for the following purposes: (a) when testifying; (b) to hear lay witness testimony bearing on facts relevant to the experts' testimony, including the testimony of Max Beeken, Clark

McMahon and Joel Thompson; or (c) to hear the testimony of another expert for which the expert has been designated to rebut in pretrial expert disclosures.

2. Plaintiffs' lay witnesses, including Clark McMahon, Max Beeken, and Francis Eatherington, will be excluded from the courtroom, except when testifying, during Plaintiffs' presentation of other lay witnesses and during the court's preliminary proceedings on the morning of August 6, 2018.

## MEMORANDUM

Fed. R. Evid. 615 provides that the court "must order witnesses excluded" at a party's request, unless one of four exceptions provided under the rule apply. Defendants' understanding is that Plaintiffs may not object to Defendants' proposed order regarding their lay witnesses but may object to the partial exclusion of experts. Expert witnesses do not automatically fall under Rule 615(c). *See United States v. Seschillie*, 310 F.3d 1208, 1213 (9th Cir. 2002) ("In many circumstances, a potential expert witness will be an 'essential party' within the meaning of Rule 615(3)."); *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1174 (D. Nev. 2014) ("Simply because expert witnesses may base their opinions upon things heard in the courtroom does not mean they are always immune from exclusion before testifying under Rule 615."). Defendants' requested order strikes a balance between Defendants' and Plaintiffs' positions. Accordingly, Defendants' motion should be granted.

## MOTION 2 – JUDICIAL NOTICE OF FACTS (Fed. R. Evid. 201)

Pursuant to Fed. R. Evid. 201, Defendants request that the Court take judicial notice of certain statements and information contained within public records and published scientific reports, the authenticity of which cannot be reasonably disputed. These statements are reflected in Section II, paragraphs 1 through 17 of Defendants' trial memorandum.

**MEMORANDUM**

Pursuant to Fed. R. Evid. 201, the Court may take judicial notice of a fact that is not subject to reasonable dispute where it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

With respect to paragraphs 1-6 in Defendants' trial memorandum, Defendants do not request the Court to take judicial notice of the truth of the quoted statements; rather, just that the statements were made by one of Plaintiffs' experts, Dr. Richard Golightly. With respect to paragraphs 2-4 and 6, as final reports submitted to federal and state agencies (and disclosed by Plaintiffs during expert disclosures), the authenticity of the documents cannot be reasonably disputed. "When a court takes judicial notice of a public record, 'it may do so not for the truth of the facts recited therein, but for the existence of the [record], which is not subject to reasonable dispute over its authenticity.'" *Klein v. Freedom Strategic Partners*, 595 F.Supp.2d 1152, 1157 (D.Nev.2009), *quoting Lee v. City of Los Angeles*, 250 F.3d 668, 660 (9th Cir.2001); *see also City of Roseville Employees' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1108 (E.D. Wash. 2013), *aff'd*, 691 F. App'x 393 (9th Cir. 2017) (citing same).

Similarly, with respect to paragraph 7-8, Defendants seek judicial notice of statements from a court opinion, "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Smith v. Ortiz*, 234 F. App'x 698 (9th Cir. 2007), *quoting Lee v. City of Los Angeles, supra*.

With respect to paragraphs 9-10, the Court should take judicial notice of the truth of the facts stated because they are from a report prepared by one of Plaintiffs' designated experts from a public agency and Defendant do not expect them to be in dispute.

With respect to paragraphs 11 and 13-17, these consist of statements referenced in scientific publications both sides included in their exhibit lists (or disclosed in their expert disclosures) and, therefore, the authenticity of the documents are not reasonably in dispute. Defendants do not, at this time, seek judicial notice of the truth of the matters asserted in the statements but simply that the statements were made. The statements are relevant because they provide a preview and foundation for expert testimony the court will hear from both sides at trial.

For all these reasons, Defendants' motion should be granted.

### MOTION 3 – MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY; ALTERNATIVE MOTION TO COMPEL

Pursuant to Fed. R. Civ. Proc. 26(a)(2), Fed. R. Civ. Proc. 37(c), Fed. R. Evid. 702 and *Daubert v. Merrell Down Pharmaceuticals*, 509 U.S. 579 (1993) and its progeny, Defendants move the Court for an order prohibiting Plaintiffs from offering expert testimony from Dr. Gary Falxa based on a supplemental expert report Plaintiffs first disclosed to Defendants on July 16, 2018, well after the parties' pretrial expert disclosure deadlines, that relies on a "new," unverified preliminary analysis regarding marbled murrelet "occupancy" that is under review and testing by the Marbled Murrelet Technical Committee ("MMTC") of the Pacific Seabird Group ("PSG").

### MEMORANDUM

Generally, a supplemental expert report that states additional opinions or "seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report" is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c). *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010); *see also Nattell v. Curry Cty.*, No. 1:11-CV-3161-CL, 2013 WL 5372539, at *12 (D. Or. Sept. 23, 2013). Here, Dr. Falxa's supplemental report seeks to do exactly that. He seeks to rely on a new, unverified analysis currently under consideration, and statistical testimony, by the MMTC to try to strengthen his opinion about murrelet nesting in the

Benson Central Survey Site at issue in this case.  Because it was filed well-after the deadline, and is offered for the express purpose of trying to strengthen his opinions, it must be excluded.

Similarly, although Plaintiffs provided Defendants a copy of the preliminary MMTC analysis that Dr. Falxa references in his supplemental report, they have not provided Defendants any of the data underlying the analysis.  For that reason alone, testimony regarding, or relying upon, the analysis should be excluded.  *See Sparta Ins. Co. v. Garfias*, No. CV-12-5051-RMP, 2014 WL 11515843, at *2 (E.D. Wash. Feb. 21, 2014) (rejecting Plaintiffs' assertion that "it was Defendants' duty to seek discovery of the raw testing data if they believe they needed that data.").

Alternatively, if the Court is inclined to allow the testimony and evidence, Defendants request that the Court compel Plaintiffs to not only produce the data but also all of Dr. Falxa's communications with members of the MMTC (or any other scientists) about the preliminary analysis so that Defendants can have understanding and context about its genesis, purpose and the posture of the statistical testing that is being conducted.

Finally, Defendants generally object to this testimony and evidence under Fed. R. Evid. 702 and *Daubert* on the basis that it is ostensibly a preliminary analysis that is still subject to statistical testing and verification.[1]  Further, the fact that Dr. Falxa feels comfortable relying on this preliminary analysis as a basis for his opinions, which must be to a reasonable scientific certainty, undermines the reliability of the rest of his testimony.

---

[1] Although the parties agreed to address *Daubert* objections in their trial memorandums, that agreement was reached after all expert reports and rebuttal reports had been disclosed and Defendants believed to be aware of the totality of the data and analyses that the parties were going to be relying upon at trial. Allowing testimony on this new analysis would be prejudicial to Defendants for all the reasons explained above.

Defendants reserve the right to file additional evidentiary motions or motions *in limine* following its review of Plaintiffs' pretrial filings or based on the circumstances during trial.

**DATED** this 27th day of July, 2018.

> **YOCKIM CAROLLO LLP**
>
> s/ Dominic M. Carollo
> **Dominic M. Carollo,** OSB No. 093057
> Email: dcarollo@yockimlaw.com
> 430 S.E. Main Street, P.O. Box 2456
> Roseburg, Oregon 97470
> Phone: (541) 957-5900
> Fax: (541) 957-5923
>
> Of Attorneys for Defendants Scott Timber Co., Roseburg Resources Co., and RLC Industries Co.

## CERTIFICATE OF SERVICE

      I hereby certify that on July 27, 2018, I served the foregoing **DEFENDANTS' MOTIONS IN LIMINE,** through the Court's Electronic Case Filing system on:

| | |
|---|---|
| Nicholas Cady<br>Cascadia Wildlands<br>P.O. Box 10455<br>Eugene, OR 97440<br>Telephone: (541) 434-1463<br>Email: nick@cascwild.org | Daniel R. Kruse<br>Attorney at Law<br>101 East Broadway, Suite 130<br>Eugene, OR 97401<br>Telephone: (541) 870-0605<br>Email: dan@speakthelaw.com |
| Brian P. Segee (*pro hac vice*)<br>Center for Biological Diversity<br>P.O. Box 1646<br>Ojal, CA 93024<br>Email: bsegee@biologicaldiversity.org | Daniel C. Snyder<br>Law Offices of Charles M. Tubbutt, P.C.<br>941 Lawrence St.<br>Eugene, OR 97401<br>Email: dan@tebbuttlaw.com |

                                        **YOCKIM CAROLLO LLP**

                                        s/ Dominic M. Carollo
                                        Dominic M. Carollo, OSB No. 093057
                                        Email: dcarollo@yockimlaw.com
                                        Yockim Carollo LLP
                                        P.O. Box 2456
                                        Roseburg, OR 97470
                                        Telephone: (541) 957-5900

                                        Of Attorneys for Defendants Scott Timber Co.,
                                        Roseburg Resources Co., and RLC Industries Co.