**Dominic M. Carollo,** OSB No. 093057                Hon. Ann L. Aiken
Email: dcarollo@yockimlaw.com
Yockim Carollo LLP
630 S.E. Jackson Street, Suite 1
P.O. Box 2456
Roseburg, Oregon 97470
Phone: (541) 957-5900
Fax: (541) 957-5923

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CASCADIA WILDLANDS, THE CENTER FOR BIOLOGICAL DIVERSITY**, and **AUDUBON SOCIETY OF PORTLAND**, <br><br> Plaintiffs, <br><br> v. <br><br> **SCOTT TIMBER CO**., **ROSEBURG RESOURCES CO.,** and **RLC INDUSTRIES CO**., <br><br> Defendants. | Case No. 6:16-CV-01710-AA <br><br> **NOTICE REGARDING CLARIFICATION TO PRETRIAL ORDER** |

**NOTICE**

Pursuant to the parties' stipulation, the Pretrial Order in this case states that "Defendants

intend to implement the Benson Snake logging operation unless the Court determines it violates

Section 9 of the ESA and Plaintiffs are entitled to an injunction prohibiting the operation under

applicable law." Dkt. No. 120 at ¶ 61. That statement was true when the stipulation was made

and through trial in this case, held May 6-10, 2019. However, based on recent events, Defendants

believe it is necessary and appropriate for them to advise the Court and the parties of a change in

circumstances bearing on this statement in the Pretrial Order.

On July 18, 2019, Scott Timber Co. ("STC") and Roseburg Resources Company ("RRC")

executed an option to purchase agreement ("Option Agreement") with a third party ("Third

Party"). In the Option Agreement, the Third Party purchased the option to buy nine (9) different

tracts of timberland owned by STC and RRC, including the Benson Ridge Tract owned by STC

and which is the subject of this litigation. The Third Party is seeking to acquire the nine tracts for

non-timber production purposes. As such, the Option Agreement contractually obligates STC and

RRC to "not harvest timber" from the subject properties, including the Benson Tract, during the

first one-year option term. That means, from July 18, 2019 to July 17, 2020, STC and RRC are

contractually prohibited from harvesting timber from the Benson Ridge Tract. The Option

Agreement further provides the Third Party the right to purchase a second one-year option term,

in which case STC and RRC would be contractually prohibited from harvesting timber from the

Benson Ridge Tract until July 17, 2021. If, at any time during an option term period, the Third

Party exercises the option to purchase, then the Third Party will be obligated to purchase the nine

tracts, including the Benson Ridge Tract, and STC and RRC will relinquish any title or interest in

the properties.

Defendants wish to advise the Court that if the Third Party never exercises the option to

purchase and the Option Agreement expires, then Defendants would still intend to execute the 49-

acre Benson Snake logging operation unless the Court rules that it violates Section 9 of the ESA

and issues an injunction prohibiting the project. Nevertheless, due to the fact that, currently,

Defendants are contractually prohibited from implementing the Benson Snake logging operation

until, at the earliest, the winter of 2020-2021, Defendants deemed it necessary and advisable to inform the Court and the parties of this change in circumstances.

Defendants wish to advise the Court that its decision to execute the Option Agreement was not related to this litigation. Defendants were presented with a business opportunity to sell nine select tracts of property for which the Third Party has a particularized interest. Accordingly, Defendants' decision to sell the nine tracts was informed by economic and related business considerations, not this litigation.

Finally, due to the sensitivity of the nature and terms of this transaction for the Third Party and Defendants (and additional considerations), Defendants wish to keep the Option Agreement and the identity of the Third Party confidential. Should the Court wish to view the Option Agreement, Defendants request that they be allowed to file the document under seal or, alternatively, the opportunity to request an order allowing it to be filed under seal.

**DATED** this 26th day of August, 2019.

YOCKIM CAROLLO LLP


s/ Dominic M. Carollo
**Dominic M. Carollo,** OSB No. 093057
Email: dcarollo@yockimlaw.com
**Matthew D. Query,** OSB No. 174400
Email: mquery@yockimlaw.com
630 S.E. Jackson Street, Suite 1
P.O. Box 2456
Roseburg, Oregon 97470
Phone: (541) 957-5900
Fax: (541) 957-5923
Attorneys for Defendants Scott Timber Co.,
Roseburg Resources Co., and RLC Industries Co.

# CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2019, I served the foregoing **NOTICE REGARDING CLARIFICATION TO PRETRIAL ORDER,** through the Court's Electronic Case Filing system on:

Nicholas Cady
Cascadia Wildlands
P.O. Box 10455
Eugene, OR 97440
Telephone: (541) 434-1463
Email: nick@cascwild.org

Brian P. Segee (*pro hac vice*)
Center for Biological Diversity
P.O. Box 1646
Ojal, CA  93024
Email: bsegee@biologicaldiversity.org

Daniel R. Kruse
Attorney at Law
101 East Broadway, Suite 130
Eugene, OR  97401
Telephone: (541) 870-0605
Email: dan@speakthelaw.com

Daniel C. Snyder
Law Offices of Charles M. Tubbutt, P.C.
941 Lawrence St.
Eugene, OR  97401
Email: dan@tebbuttlaw.com

**YOCKIM CAROLLO LLP**

s/ Dominic M. Carollo
Dominic M. Carollo, OSB No. 093057
Email: dcarollo@yockimlaw.com
Yockim Carollo LLP
P.O. Box 2456
Roseburg, OR 97470
Phone: (541) 957-5900
Of Attorneys for Defendants Scott Timber Co.,
Roseburg Resources Co., and RLC Industries Co.