DANIEL R. KRUSE (OSB 064023)  
Daniel R. Kruse, Attorney at Law  
101 East Broadway, Suite 130  
Eugene, OR 97401  
Phone: (541) 687-6788  
Fax: (541) 345-3373  
Email: dan@speakthelaw.com  

*Attorney for Plaintiffs*  
*Additional counsel for Plaintiffs listed below*

Hon. Ann L. Aiken

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **CASCADIA WILDLANDS, THE CENTER FOR BIOLOGICAL DIVERSITY**, and **AUDUBON SOCIETY OF PORTLAND**,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>**SCOTT TIMBER CO., ROSEBURG RESOURCES CO.,** and **RLC INDUSTRIES CO.,**<br><br>　　　　　　　　　Defendants. | Case No.: 6:16-CV-01710-AA<br><br>**PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES** |

**PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES - Page 1 of 13**

**MOTION**

Plaintiffs Cascadia Wildlands, The Center for Biological Diversity, and Audubon Society of Portland (hereafter "Plaintiffs") respectfully move the Court for an award of costs and attorneys' fees. Pursuant to LR 7-1, the undersigned certifies that the Parties have conferred by telephone and made a good faith effort to resolve the dispute, and have been unable to do so at this time. However, as described more fully below, and in the joint motion to stay proceedings filed concurrently herewith, the Parties are jointly seeking a stay of this motion to, among other things, continue settlement discussions regarding Plaintiffs' motion for costs and attorneys' fees.

Plaintiffs provide the following information pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54:

1. This motion is submitted within 14 days of entry of judgment, and it is therefore timely. *See* Fed. R. Civ. P 54(d)(2)(B)(i) (a motion for attorneys' fees "must… be filed no later than 14 days after the entry of judgment").

2. Plaintiffs are entitled to costs and attorneys' fees under the Endangered Species Act, 16 U.S.C. § 1540(g)(4), and the Court's Opinion/Order and Judgment dated June 28, 2022 (ECF Nos. 144, 145). *See* Fed. R. Civ. P 54(d)(2)(B)(ii) (a motion for attorneys' fees "must… specify the judgment and the statute, rule, or other grounds entitling the movant to the award").

3. At this time, Plaintiffs seek costs in the amount of $72,649.10. A comprehensive and detailed itemization of all costs is included in Exhibit 1 to the Sixth Declaration of Daniel R. Kruse submitted herewith, and the concurrently filed Bill of Costs. *See* Fed. R. Civ. P 54(d)(2)(B)(iii) (a motion for attorneys' fees "must… state the amount sought or provide a fair estimate of it"); LR 54-1(a)(1) (a Bill of Costs must provide a "detailed itemization of all claimed costs"). Plaintiffs reserve the right to amend this request for costs as more information

becomes available and as additional costs are incurred, including costs for expert witness testimony supporting the reasonableness of Plaintiffs' counsels' requested hourly rates and the reasonableness of the total hours incurred litigating this matter.

4.      At this time, Plaintiffs seek attorneys' fees in the amount of $1,173,342.00. This figure is Plaintiffs' best estimate of attorneys' fees at this time, and is based on a compilation of detailed records from seven attorneys over a span of eight years. Plaintiffs reserve the right to amend or refine this request for attorneys' fees, including if more information becomes available and as additional fees are incurred, including fees incurred litigating this motion and/or on appeal. *See* Fed. R. Civ. P 54(d)(2)(B)(iii) (a motion for attorneys' fees "must… state the amount sought *or provide a fair estimate of it*") (emphasis added). A detailed itemization of all claimed attorneys' fees is included in the Sixth Declaration of Daniel R. Kruse submitted herewith and the exhibits attached thereto.

The Parties have conferred and are in agreement that it would be more efficient and worthwhile to resolve any potential appeals or other substantive matters, and to explore the possibility of settling costs and fees, before engaging in further litigation over Plaintiffs' motion for costs and fees. Accordingly, the Parties are submitting a joint stipulated motion to stay proceedings on this motion for costs and attorneys' fees until the Parties can confirm whether such proceedings are necessary. In their joint stipulated motion, the Parties have stipulated that, if necessary, the future briefing schedule shall provide for Plaintiffs to file supplemental briefing and materials (including declarations) in support of their motion for costs and attorneys' fees, followed by Defendants' submission of briefing and materials in opposition, followed by Plaintiffs' reply in support. The Parties have further stipulated that, if settlement cannot be reached, they will not object to the timeliness of the submission of such additional materials as

**PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES - Page 3 of 13**

described above. If and when further litigation is necessary on the motion for costs and attorneys' fees, Plaintiffs will amend this motion and support it with all remaining required documentation. *See United States v. Hristov*, 396 F.3d 1044 (9th Cir. 2005) (holding a petitioner could amend a timely filed motion for attorneys' fees after the statutory deadline had passed).

## MEMORANDUM

Plaintiffs move the Court for an award of attorneys' fees and costs pursuant to the fee-shifting provision of the Endangered Species Act (ESA), 16 U.S.C. § 1540(g)(4). On June 28, 2022, the Court issued an Opinion and Order and entered judgment in this case in Plaintiffs' favor. Under the ESA, "[t]he court, in issuing any final order in any suit brought pursuant to paragraph (1) of this subsection, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." Consistent with this statute, the Court's Opinion and Order states, "Plaintiffs are entitled to reasonable attorney fees and costs." ECF No. 144.

Once a court has determined that an award is appropriate, as the Court has here, "the court must then calculate a reasonable fee award." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). In cases brought under the ESA, "[a]ttorney fee awards should be calculated using the 'lodestar' method." *McKenzie Flyfishers v. McIntosh*, 158 F. Supp. 3d 1085, 1089 (D. Or. 2016) (citing *Ferland v. Conrad Credit Corp.,* 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001)). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of

exceptional success an enhanced award may be justified." *Hensley*, 461 U.S. at 435. The court has 'considerable discretion' in determining the reasonableness of a fee award. *Coos Bay RV Invs., LLC v. Wheelhaus Inc.*, No. 3:21-CV-00448-AC, 2022 WL 508818, at *2 (D. Or. Feb. 3, 2022) (quoting *Webb v. Ada Cnty., Idaho*, 195 F.3d 524, 527 (9th Cir. 1999).

### A.   The Hours Expended by Plaintiffs' Attorneys are Reasonable

To date, Plaintiffs' attorneys have spent approximately 2,589.9 hours litigating this case. Plaintiffs' attorneys are entitled to be compensated "for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). If the hours claimed were reasonably necessary, and the plaintiffs obtained a substantial portion of the relief they sought, fees for all plaintiff's hours should be awarded. *See City of Riverside v. Rivera*, 477 U.S. 561, 572 (1985). "Recoverable attorney's fees may include fees incurred while doing work on the underlying merits of the action ('merits fees') as well as fees incurred while pursuing merits fees ('fees-on-fees')." *Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995).

Here, Plaintiffs' attorneys expended reasonable hours engaged in normal and justified tasks in order to carefully litigate this complex federal case. Over the span of eight years, they judiciously completed compensable activities, including (1) preparing and serving required pre-suit notices of intent to sue, (2) fully litigating a motion for preliminary injunction at both the District Court and the Ninth Circuit, (3) engaging the services of multiple expert witnesses, (4) completing extensive factual discovery and expert discovery and overseeing the completion of

125 pages (single-spaced) of comprehensive expert reports, (5) organizing, preparing for, and participating in depositions for expert and non-expert witnesses, (6) successfully litigating pretrial motions, a motion to dismiss, and a motion for summary judgment, (7) preparing for trial including preparing exhibits, drafting an extensive pretrial order, preparing Plaintiffs' witnesses for trial, and preparing cross-examination of Defendants' witnesses, (8) attending and fully litigating a five-day trial before the Court, and (9) carefully reviewing and cataloguing over 1,200 pages of trial transcripts and preparing detailed post-trial memoranda, fully supported with citations to the voluminous trial record.

Plaintiffs' time-keeping records are itemized by task at six-minute increments, in accordance with standard industry practice. The attorneys made a "good faith effort to exclude from [their] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Consistent with the stipulation of the Parties and the proposed stay of proceedings, Plaintiffs will supplement this motion at the appropriate time with additional supporting documentation, including declarations, demonstrating that the hours claimed by their attorneys are reasonable.

**B.    Plaintiffs' Attorneys' Rates are Reasonable**

Plaintiffs seek the following hourly rates for their attorneys, who litigated this complex case and achieved resounding success for their clients at every stage of the proceeding:

| Attorney | Years Admitted to Practice | Rate |
| --- | --- | --- |
| Daniel Kruse (lead counsel) | 16 | $485 |
| Daniel Snyder | 12 | $425 |
| Nicholas Cady | 11 | $425 |
| Tanya Sanerib | 20 | $500 |
| Brian Segee | 25 | $515 |
| Charles Tebbutt | 34 | $650 |
| Parker Jones | 3 | $250 |

**PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES - Page 6 of 13**

In determining reasonable hourly rates, "the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986). The District of Oregon uses the Oregon State Bar Economic Survey as its initial benchmark. LR 54-3 Practice Tip; *Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002). In this district, courts typically award rates for successful litigants at the 75th percentile of the OSB Economic Survey. *See, e.g., Brady Mktg. Co. Inc. v. Kai U.S.A. Ltd.*, No. 3:16-cv-1878-MO, 2018 WL 3377083, at *3 (D. Or. July 11, 2018) (noting that awarding "the 75th percentile rate ... is the usual practice of this district"); *McElmurry v. U.S. Bank Nat. Ass'n*, Case No. 04-642-HA, 2008 WL 1925119, at *3 (D. Or. April 30, 2008) (recognizing that "[e]xperienced senior attorneys who are specialists in [their fields] will receive an hourly rate at the 75th percentile rate for their level of experience"). Courts may also consider "the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases." *Moreno*, 534 F.3d at 1114.

Because OSB's economic survey is based on data from 2016, the Court's practice is to adjust hourly rates for inflation using the United States Department of Labor's CPI Inflation Calculator (available at http://www.bls.gov/data/inflation_calculator.htm). *Bergen v. Tualatin Hills Swim Club, Inc.,* No. 3:16-CV-00052-HZ, 2016 WL 2736105, at *4 (D. Or. May 11, 2016) (finding it appropriate to adjust attorney rates for inflation using CPI calculator); *Landwatch v. Jefferies*, No. 2:17-CV-01004-SU, 2020 WL 8172994, at *9 (D. Or. Aug. 7, 2020) (same).

According to the most recent OSB Economic Survey, and adjusted for inflation, the hourly rates at the 75th percentile for attorneys in Oregon, with Plaintiffs' attorneys' various levels of experience, are as follows:

**PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES - Page 7 of 13**

| Years Admitted | 75th Percentile Rate (2016) | Adjusted for Inflation (2022) |
| --- | --- | --- |
| 0-3 years (Jones) | $240 | $296.10 |
| 10-12 (Snyder and Cady) | $320 | $394.80 |
| 16-20 (Kruse and Sanerib) | $350 | $431.81 |
| 21-30 (Segee) | $350 | $431.81 |
| 30+ (Tebbutt) | $400 | $493.50 |

In addition, several courts, including this Court and the Ninth Circuit, have recognized that "[e]nvironmental litigation is an identifiable practice specialty that requires distinctive knowledge" and justifies enhanced rates. *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991); *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Smith*, 491 F. Supp. 2d 980, 988 (D. Or. 2007); *Portland Audubon Soc. v. Lujan*, 865 F. Supp. 1464, 1476 (D. Or. 1994). Accounting for all of these factors, the District of Oregon has regularly approved rates for environmental specialists that are commensurate to the rates requested by Plaintiffs' attorneys, given their levels of experience and expertise, and adjusted for inflation.

For example, in 2014 the District of Oregon awarded $395 per hour to an environmental attorney with 17 years of litigation experience. *League of Wilderness Defs./Blue Mountains Biodiversity Project v. U.S. Forest Serv.,* No. 3:10-CV-01397-SI, 2014 WL 3546858, at *14 (D. Or. July 15, 2014). Adjusted for inflation using the CPI inflation calculator, this rate from July of 2014 (the date of the Court's decision) is equivalent to $484.60 as of May of 2022. In 2016, the District of Oregon awarded $355 per hour to an environmental attorney with 13 years of litigation experience. *McKenzie Flyfishers* 158 F. Supp. 3d at 1085. Adjusted for inflation, this rate from January of 2016 is equivalent to $437.98 as of May of 2022. In 2020, the District of Oregon awarded $475 per hour to an attorney (Becker) who had been admitted to practice for 20 years but who had spent only 14 years practicing environmental law. *Landwatch*, 2020 WL 8172994, at *10. Adjusted for inflation, this rate from August of 2020 is equal to $534.17 as of

**PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES - Page 8 of 13**

May of 2022. The same court awarded $365 per hour to an attorney (Johnson) who had practiced environmental law for 10 years which, adjusted for inflation, is equal to $410.47.

Thus, while some of the rates requested by Plaintiffs' attorneys are above the 75th percentile for attorneys in general practice in Oregon, the rates are consistent with those of environmental specialists of "comparable skill, experience, and reputation." *Chalmers,* 796 F.2d at 1210–11. The rates are further justified by the complexity of this case and the lawyers' resounding success, as well as their expertise in an "identifiable practice specialty that requires distinctive knowledge." *Love v. Reilly*, 924 F.2d at 1496.

A rate of $485 per hour is reasonable for lead counsel Daniel Kruse. Mr. Kruse has practiced law and specialized in environmental litigation for 16 years. Mr. Kruse not only has extensive experience as an environmental litigator and a trial lawyer, but he has specific experience working to conserve marbled murrelets—the rare and unique species at center of this case—under the very same provisions of the Endangered Species Act. Mr. Kruse's expertise played a significant role in the outcome, and his existing familiarity with the subject matter allowed Plaintiffs to save a significant amount of time researching and prosecuting the case. Mr. Kruse's rate of $485 per hour is nearly identical to the rate (adjusted for inflation) approved for a 17-year environmental attorney in *League of Wilderness Defs,* 2014 WL 3546858, at *14, and it is less than the rate (adjusted for inflation) approved for a 20-year attorney with 14 years of environmental litigation experience in *Landwatch,* 2020 WL 8172994, at *10.

A rate of $425 per hour is reasonable for attorneys Daniel Snyder and Nicholas Cady. Mr. Snyder and Mr. Cady have exclusively practiced environmental law for 12 and 11 years, respectively. Mr. Snyder has extensive experience enforcing federal environmental laws against private parties, including through discovery, depositions, and at trial, and Mr. Cady specializes in

**PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES - Page 9 of 13**

litigation to protect forest habitat in the Pacific Northwest and the wildlife that live there. Their expertise was invaluable and played a significant role in the outcome of the case. Their rate of $425 per hour is appropriately more than the rate (adjusted for inflation) approved for an attorney with 10 years of environmental litigation experience in *Landwatch,* 2020 WL 8172994, at *10, and less than the rate (adjusted for inflation) approved for an attorney with 13 years of environmental litigation experience in *McKenzie Flyfishers*, 158 F. Supp. 3d at 1093.

Rates of $500 and $515 per hour are reasonable for attorneys Tanya Sanerib and Brian Segee. Ms. Sanerib and Mr. Segee have practiced environmental law for 20 and 25 years, respectively. Ms. Sanerib and is a senior attorney and the International Legal Director for the Center for Biological Diversity, and her work focuses on the protection of imperiled species and biological diversity worldwide. Mr. Segee is a senior attorney and the Endangered Species Legal Director for the Center for Biological Diversity, and his work specifically focuses on the protection of endangered species and their habitat under the Endangered Species Act. While they had comparatively fewer hours, their expertise was invaluable and had a direct role in the successful outcome of the case. Their rates of $500 and $515 per hour are slightly more than Mr. Kruse's rate, to account for their additional years of experience in the practice of law. Their rates are less than the rate (adjusted for inflation) approved for a 20-year attorney with 14 years of environmental litigation experience in *Landwatch,* 2020 WL 8172994, at *10.

A rate of $650 per hour is reasonable for attorney Charles Tebbutt. Mr. Tebbutt has practiced environmental law for 34 years and is widely considered to be one of the best and most successful litigators in the field. Mr. Tebbutt has obtained fees at a rate of $650 per hour or more in other similar cases. While he was not involved in the daily litigation or management of this case, his expertise was invaluable and had a direct role in the successful outcome.

**PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES - Page 10 of 13**

Rates of $140 per hour and $250 per hour are reasonable for Parker Jones for his work as a law clerk and then as a newly licensed attorney. Mr. Jones was admitted to practice law on May 2, 2019. His work prior to this date is billed at the law clerk rate of $140 per hour, and his work on or after this date is billed at the attorney rate of $250 per hour. In 2013, the Oregon District Court awarded $110 per hour, using the lodestar analysis, to a law clerk who was not a member of any bar association. *Precision Seed Cleaners v. Country Mut. Ins. Co.,* 976 F. Supp. 2d 1228, 1247 (D. Or. 2013). The rate requested for Mr. Jones's time as a law clerk is consistent with this rate, adjusted for inflation from October of 2013 (the date of the *Precision* court's decision). The rate of $250 per hour for Mr. Jones's work as an attorney is equivalent to the OSB Economic Survey's median (50th percentile) rate for attorneys with 0-3 years of experience, adjusted for inflation since 2016. Mr. Jones graduated from the University of Oregon School of Law with an emphasis in environmental law, and he practices exclusively environmental law for the Law Offices of Charles M. Tebbutt.

Consistent with the stipulation of the Parties and the proposed stay of proceedings, Plaintiffs will supplement this motion with additional supporting documentation, including declarations, demonstrating that the hourly rates claimed by their attorneys are reasonable.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully move the Court for an award of costs in the amount of $72,649.10 and attorneys' fees in the amount of $1,173,342.00. However, as described above, and in the concurrently filed joint motion to stay proceedings, Plaintiffs request that no action be taken on this motion at this time, to allow the Parties to determine whether further proceedings on this motion are necessary. If and when a briefing schedule is set, Plaintiffs will file supplemental briefing and other materials in support of this motion.

Submitted this 12th day of July, 2022 by:

/s/ Daniel R. Kruse
DANIEL R. KRUSE (OSB 064023)
dan@speakthelaw.com
101 East Broadway, Suite 130
Eugene, OR 97401
(541) 687-6788
(541) 345-3373 (fax)

NICHOLAS S. CADY (OSB 113463)
nick@cascwild.org
Cascadia Wildlands
PO Box 10455
Eugene, Oregon 97455
(541) 434-1463
(541) 434-6494 (fax)

BRIAN P. SEGEE (*pro hac vice*)
bsegee@biologicaldiversity.org
Center for Biological Diversity
P.O. Box 1646
Ojai, CA 93024
(802) 750-8852

DANIEL C. SNYDER (OSB 105127)
dan@tebbuttlaw.com
Law Offices of Charles M. Tebbutt, PC
941 Lawrence St.
Eugene, OR 97401
(541) 344-3505
(541) 344-3516 (fax)

*Attorneys for Plaintiffs*

**PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES - Page 12 of 13**

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2022 I served the foregoing **Plaintiffs' Motion for Costs and Attorneys' Fees and all attached declarations and exhibits** on Defendants' counsel through the Court's electronic filing and service system.

Dated this 12th day of July, 2022.

/s/ Daniel R. Kruse
DANIEL R. KRUSE (OSB 064023)
dan@speakthelaw.com
101 East Broadway, Suite 130
Eugene, OR 97401
(541) 687-6788
(541) 345-3373 (fax)

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 54-3(e)

I hereby certify that this motion and memorandum complies with the page limit set forth in Local Rule 54-3(e), in that is not more than 10 pages including headings, footnotes and quotations, but excluding the caption, signature block, exhibits, and any certificates of counsel.

Dated this 12th day of July, 2022.

/s/ Daniel R. Kruse
DANIEL R. KRUSE (OSB 064023)
dan@speakthelaw.com
101 East Broadway, Suite 130
Eugene, OR 97401
(541) 687-6788
(541) 345-3373 (fax)

**PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES - Page 13 of 13**